UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHRISTOPHER B. KETRON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:22-CV-83-DCLC-CRW ) |
| SULLIVAN COUNTY JAIL MEDICAL DEPT., CHRISTY FRAZIER, and JEFF CASSIDY, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

Plaintiff, an inmate housed in the Sullivan County Detention Center, has filed a pro se complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will grant Plaintiff's motion and dismiss the complaint for failure to state a claim upon which § 1983 relief may be granted.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion that he lacks sufficient resources to pay the filing fee. Therefore, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's

preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.  SCREENING OF THE COMPLAINT

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b). "[T]he dismissal standard articulated" by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley*

*v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Courts liberally construe pro se pleadings filed in civil rights cases and "hold [them] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, a pro se plaintiff need only allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 544, 570. However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, are not well-pled and do not state a plausible claim. *Id*. Further, "a formulaic [or conclusory] recitation of the elements of a cause of action" unsupported by specific facts is insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

### B. Plaintiff's Allegations

Plaintiff, a "chronic care patient" at the Sullivan County Jail since April 5, 2021, has been charged $25.00 per month by the jail's medical department for his routine medications, along with additional charges for sick call requests and other medications [Doc. 1 p. 2-4]. Plaintiff contends that it is against the law to charge inmates for necessary medical care, and therefore, he wants Defendants to reimburse him for his remitted medical expenses, the hardship caused by Defendants' actions, and the Court's filing fee [*Id*. at 4].

### C. Analysis

Despite Plaintiff's protestations, he does not have a constitutional right to free medical care where he is able to contribute to that care. *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay."); *see also Bailey v. Carter*, 15 F. App'x 245, 2001 WL 845446 (6th Cir. 2001) (holding policy requirement payment for medical services, where

3

funds are available, does not violate an inmate's constitutional rights). Plaintiff does not allege that he has been denied any necessary medical treatment based on his inability to contribute to that treatment, and the fact that he might sometimes be forced to consider whether to seek medical care because he will have to remit payment for those services does not implicate the Constitution. In fact, "[e]very minute of every day, ordinary Americans forgo or delay beneficial—and even life-altering—medical treatment because it's just too expensive. . . . What a topsy-turvy world it would be if incarcerated inmates were somehow immune from that cold—and sometimes cruel—reality." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1276–77 (11th Cir. 2020) (citation omitted). Therefore, the Court finds that Plaintiff's complaint fails to state a claim upon which § 1983 relief may be granted.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

                                                       s/Clifton L. Corker
                                                     United States District Judge